**THE OSWEGO NO. 2 (two cases).**
**Nos. 2040, 2041.**

District Court, W. D. New York.
April 27, 1938.

Stanley & Gidley, of Buffalo, N. Y. (Arthur E. Otten, of Buffalo, N. Y., of counsel), for libelant and intervener Frank F. Fix.

Christy V. Naples, of Buffalo, N. Y., for claimant and respondent.

Carlton P. O'Connor, of Buffalo, N.Y., for libelant Clarence L. O'Connor.

BURKE, District Judge.

The libels herein were filed for the enforcement of liens against derrick boat Oswego No. 2. The Fix libel seeks a recovery for services including towing, laying up, keeping the boat in custody and making repairs, and for materials incident to said services. These services extended over a period from October, 1935, to May, 1937, when the vessel was attached by the marshal of this court under the process issued upon the O'Connor libel herein. The O'Connor libel seeks a recovery for materials claimed to have been supplied to the boat in 1933 by the libelant's assignor.

In 1935, the Oswego was performing a dredging contract at the Yacht Club in Rochester, N. Y. The scow was in charge of one Place. Place was unable to finish the contract, and he made arrangements with Fix to finish the job for the amount remaining unearned and unpaid under the original contract. In completing this contract Fix used the Oswego which he rented from Place at the rate of $25 per day. This rental was paid and the contract was finished in the fall of 1935.

While this work was going on, Place and Fix entered into an arrangement whereby Fix was to tow the Oswego from Rochester to Buffalo. Place had no money to pay for this towing service, and it was agreed that Fix was to store the Oswego at Buffalo until such time as work might be found for her, at which time she could work off the debt.

During this time Fix was also doing some other work in the harbor at Rochester. He had his own mud scow and two power boats, a tug Doctor and steamer Fix. At the same time his large tug Manomet was bringing another derrick scow from Sackett's Harbor to Buffalo. The tug Manomet with her derrick scow stopped at Rochester. The

dredging job which Fix was doing at the Yacht Club with the Oswego was not quite finished when the Manomet arrived at Rochester. It waited there two days for the completion of this job. When the job was finished the tow was made up by placing the two scows belonging to Fix ahead and the Oswego behind. When the tow passed through the Welland Canal it was split up because of canal regulations, and each power boat took one scow through the canal. The tow from Rochester to Buffalo took three and one-half days.

Fix then proceeded to lay up the boat at his own yard at Grand Island near Buffalo. A place was dug out for her where she was partially submerged in shallow water and she was put in condition for laying up over the winter season. During the following year no work was available for the Oswego, and she remained in storage. In the spring of 1937, Fix found a job at which the scow could be used. In the meantime, Place had become ill and was totally disabled. Fix, with no further arrangement with Place, but acting under the original agreement, proceeded to put the Oswego in a condition which would make her usable for the work. She was put in commission and worked nine days in the Buffalo Harbor, when she was attached by the marshal under the O'Connor libel.

The basis of the asserted lien of O'Connor is as follows: During the season of 1933, lumber was furnished by one Wilder who had a lumber yard at Pulaski, N. Y. The lumber and supplies were furnished upon the order and request of one Hinckley who was the owner and managing agent of the Oswego. The lumber and supplies were of the reasonable value of $979.97, none of which was paid. The Oswego was then lying at a harbor in Lake Ontario within the jurisdiction of the Northern District. During the seasons 1933 and 1934, the Oswego remained in the jurisdiction of the Northern District. In 1935 she left that jurisdiction and after that time was principally engaged in work at Rochester in the Western District.

Wilder died leaving a will which was probated and Dale E. Wilder was duly appointed executor. All the right, title, and interest to the claim for lumber and supplies furnished the Oswego was assigned for a consideration to O'Connor, the libelant herein, in May, 1937.

■ It was urged upon the trial and in the briefs by the libelant Fix that any lien that O'Connor's assignor may have had for the lumber and supplies furnished the Oswego has been lost by laches. This was not pleaded as a defense, however, and it should therefore be excluded from consideration under the circumstances.

■ Fix has a maritime lien for the reasonable value of the services rendered and the materials furnished incident to said services. O'Connor has a maritime lien in the amount of $979.97. Interest will not be allowed because of the delay in asserting the lien. The lien of Fix has priority over the O'Connor lien. In admiralty liens have prority in the inverse order of accrual. On the Great Lakes the season rule is applicable. Liens arising in a subsequent season have priority over those arising in a prior season. The City of Tawas, D.C., 3 F. 170; The J. W. Tucker, D.C., 20 F. 129.

■ Fix claims the reasonable value of the tow to Buffalo was $990. This claim is excessive. The Manomet towed two other scows that belonged to Fix along with the Oswego. There was testimony that the Oswego was in bad condition, and that it was necessary to protect her from the wind and weather by placing the two other scows ahead of her in the tow. This, however, does not warrant charging the full expense of the tow to the Oswego. $450 seems to be a reasonable amount for towing the Oswego. Fix is entitled to $100 for laying up the boat. He is also entitled to the reasonable value of the services in fitting her out in the spring of 1937, and for incidental materials furnished to make her available for use. These items are as follows:

Raising the boat . . . . . . . . . . . . $ 60.00
Planking, calking, etc. . . . . . . . . . 186.00
Burning and welding . . . . . . . . . 160.00
Steel plating and angle iron . . . . . 25.00
Hoisting engine . . . . . . . . . . . . 150.00
Cable . . . . . . . . . . . . . . . . . . 188.00
Boiler grates, etc. . . . . . . . . . . . 60.00

making the total value of the services and materials furnished by Fix $1,379, against which there is a credit of $225, being a fair rental value for the nine days that the Oswego worked after she was put in condition, thus leaving the net amount due Fix $1,154, with interest from April 26, 1937.

Submit findings, conclusions, and decree in accord herewith.